**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**ELKINS**

**BRIAN D. LANTZ and**
**MICHELE D. LANTZ,**

      **Plaintiffs,**

**v.**                                              **Civil Action No. 2:21-CV-11**
                                                   **(JUDGE KLEEH)**

**ROY'S R.V. SUPERCENTER, LLC, and**
**GULF STREAM COACH, INC.**

      **Third-Party Defendants.**

**OMNIBUS REPORT AND RECOMMENDATION**

Pending before the Court in the above-referenced matter is a Motion to Dismiss, or Alternatively, Motion to Transfer Venue, [ECF No. 2], and a Motion to Dismiss Crossclaim, or Alternatively, Motion to Transfer Venue, [ECF No. 10]. By Order, [ECF No. 26], dated November 10, 2021, United States District Judge Thomas S. Kleeh referred said motions to the undersigned Magistrate Judge for issuance of a report and recommendation as to the appropriate disposition of the motions. For judicial economy, the undersigned will put forth herein proposed recommendations for all referred motions.

Upon consideration and for the reasons articulated herein, the undersigned **RECOMMENDS** that Defendant Gulf Stream Coach Inc.'s Motion to Dismiss, or Alternatively, Motion to Transfer Venue, [ECF No. 2], be **GRANTED IN PART** to the extent that this case be **TRANSFERRED** to the Northern District of Indiana, and that the Motion to Dismiss Crossclaim, or Alternatively, Motion to Transfer Venue, [ECF No. 10], be **GRANTED IN PART** to the extent that this case be **TRANSFERRED** to the Northern District of Indiana.

## I.     FACTUAL BACKGROUND[1]

This case arises from the November 6, 2018 sale of a 2019 Innsbruck Lodge recreational vehicle ("RV") or camper; the new RV was manufactured by Defendant Gulf Stream Coach, Inc. ("Defendant Gulf Stream") and ordered and purchased by Plaintiffs Brian D. Lantz and Michele D. Lantz (Plaintiffs) through local authorized dealership Defendant Roy's R.V. Supercenter LLC ("Defendant Roy's"). [ECF No. 1-1 at 9-10]. Defendant Gulf Stream is a corporation incorporated in Indiana and not authorized to do business in West Virginia. [ECF No. 1-1 at 8]. Defendant Roy's is a limited-liability company formed in West Virginia with its principal place of business in West Virginia. Plaintiffs are both West Virginia residents. [ECF No. 1-1 at 8].

At the time of purchase, Plaintiff Brian D. Lantz signed a Recreational Vehicle Registration Form which states that the "retail purchaser[] acknowledges receipt of the recreational vehicle manufacturer's limited warranty . . . and agree[s] to comply with the terms therein." [ECF No. 2-2 at 1]. Mr. Lantz, however, did not sign the associated, referenced Gulf Stream limited warranty which states,

> Exclusive jurisdiction for deciding any claims, demands or causes of action for defects or representations of any nature or damages due from such defects or representations shall be in the courts in the State of Manufacture. The laws applicable to any litigation, dispute, mediation, arbitration or any claim whatsoever arising from the sale, purchase or use of the recreational vehicle shall be those of the State of Manufacture unless otherwise contrary to a state statute. The State of Manufacture of the recreational vehicle is Indiana.

[ECF No. 2-1 at 4, Section 8].

Shortly after the new RV was delivered to Plaintiffs in May 2019, Plaintiffs discovered the camper suffered damage in the delivery process and had issues with ongoing water damage, both

---

[1] The following facts are all sourced from the Complaint, [ECF No. 1], and Crossclaim, [ECF No. 6] and are accepted as true in Plaintiffs' and Cross-Claimant's favor in consideration of the various, pending motions to dismiss. [ECF Nos. 2 and 10].

from internal sources, such as a leaking sink and shower, and external entry due to improper sealing. [ECF No. 1-1 at 10-13]. Despite repair work by Defendant Roy's in the summer of 2019, water continued to enter and damage the camper. [Id.]. Defendant Roy's took custody of the camper in July of 2019 to perform repairs. On March 13, 2020, when Defendant Roy's had still not returned the camper to Plaintiffs, Plaintiffs advised Roy's they no longer wanted the camper and revoked their acceptance because of the camper's defects and nonconformities. [Id.]. Roy's did not return the camper to Plaintiffs until the week of May 18, 2020.

In following months, Plaintiffs observed additional damage in the camper – water damage to the RV's television console, carpets, and subflooring – and noted that the RV's main air conditioning unit had stopped working. [Id. at 12-13]. On September 3, 2020, Plaintiffs again called Roy's to advise of observed damage and "[a]t that point, and for the first time, Roy's advised Plaintiffs that their warranty had run out in December 2019." [ECF No. 1-1 at 13].

Plaintiffs allege their camper was out of service from July 9, 2019 to May 18, 2020, a period of 314 days, and Plaintiffs continue to experience new and ongoing problems with the camper rendering the camper unusable. [ECF No. 1-1 at 13-14, ¶ ¶ 38-40]. On January 7, 2021, Plaintiffs informed Defendant Gulf Stream that they revoked their acceptance of the camper because of its defects and nonconformities and asked Gulf Stream to buy back the camper, but Gulf Stream did not respond to Plaintiffs' request. [ECF No. 1-1 at 14].

## II.    PROCEDURAL HISTORY

Complaint and Removal

On or about April 7, 2021, Plaintiffs Brian D. Lantz and Michele D. Lantz ("Plaintiffs") initiated Civil Action No. 21-C-27 against Defendants Roy's R.V. Supercenter LLC ("Defendant Roy") and Gulf Stream Coach, Inc. ("Defendant Gulf Stream") in the Circuit Court of Randolph County, West Virginia. [ECF No. 1-1]. Plaintiffs are alleging breaches of express and implied

warranties under the Magnuson-Moss Warranty Improvement Act, breach of contract, and violations of the West Virginia Consumer Credit and Protection Act against both Defendants related to Plaintiffs' purchase of a recreational vehicle ("RV"). [Id.]. In Count Five, Plaintiffs further allege Defendant Gulf Stream violated the West Virginia Consumer Credit and Protection Act provisions regarding new motor vehicle warranties. [Id. at 21]. In Count Six, Plaintiffs also allege Defendant Roy engaged in tortious interference with a contractual relationship. [Id. at 22-31]. The action was removed to this Court on May 13, 2021 pursuant to 28 U.S.C. § 1441(b) because it presents a federal question, wherein Plaintiff alleges claims under the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, *et seq*.  [ECF No. 1].

Defendant Gulf Stream's Motion to Dismiss Complaint or, Alternatively, Motion to Transfer

On May 13, 2021, Defendant Gulf Stream filed a Motion to Dismiss Complaint or, Alternatively, Motion to Transfer. [ECF No. 2 and 3]. In the Motion, Defendant Gulf Stream argues that, under Rule 12(b)(6), the Complaint should be dismissed as an appropriate means to enforce the forum-selection clause found within the limited warranty agreement entered into by the Plaintiffs when they purchased their RV. [ECF No. 3 at 2]. Defendants include an affidavit from Philip Sarvari, President of Gulf Stream, stating that Plaintiff Brian Lantz acknowledged and accepted, by reference, the forum selection clause contained in Gulf Stream's Limited Warrant by signing the Recreational Vehicle Registration Form and that maintaining such records happens in the ordinary course of business at Gulf Stream. [ECF No. 2-1]. Defendant otherwise argues that this Court should transfer the claim under a "modified" *forum non coveniens* analysis as a means to enforce the forum-selection clause. [ECF No. 3 at 10]. Specifically, Defendant requests a transfer of venue to the Northern District of Indiana's South Bend Division, pursuant to 28 U.S.C.

4

§ 1404(a). [Id.]. Defendant argues that public and private interest factors generally weight in favor of transferring this case to the Northern District of Indiana's South Bend Division. [Id. at 11-14].

### Plaintiffs' Response to Gulf Stream's Motion to Dismiss

In their Response, [ECF No. 9], Plaintiffs argue that Defendant Gulf Stream has not shown that the Plaintiffs agreed to the forum selection clause, explaining that there is not a Plaintiff signature on the limited warranty agreement, only an affidavit stating from Philip Sarvari stating that the agreement is a true and correct copy of the warranty agreement Plaintiffs would have received in connection with their purchase of the RV. [ECF No. 9 at 4-8]. Further, Plaintiffs assert that Defendant Roy's is not subject to the forum selection and, thus, transfer would be inappropriate. [Id. at 16]. Plaintiffs additionally assert that this is a contract of adhesion which should be construed against the drafter, Defendant Gulf Stream, that the forum selection clause deprives the Plaintiffs of a remedy and should not be enforced, and that under Albemarle, this forum selection clause is unreasonable. [See ECF No. 9 at 14 (citing Albemarle Corp. v. AstraZeneca UK Ltd., 628 F.3d 643 (4th Cir. 2010)).].

### Defendant Gulf Stream's Reply to Plaintiffs' Response

In their Reply, [ECF No. 13], Defendant Gulf Stream responds by arguing that if the Plaintiffs did not agree to the limited warranty agreement, including the forum-selection clause, Counts I, II and V should be partially dismissed as there was no mutual assent or proper meeting of the minds. [ECF No. 13 at 2]. Defendant Gulf Stream asserts not only that the Plaintiff is bound by the forum selection clause and the forum selection clause should be enforced, but also that the forum selection clause does govern Defendant Roy's claims as well because Roy's does not oppose the transfer of this matter to Indiana and, in essence, severance is undesirable where transferring in its entirety can most efficiently lead to universal resolution. [Id. at 12-18].

Defendant Roy's Answer, Affirmative Defenses, and Crossclaims Against Gulf Stream

On May 14, 2021, Defendant Roy's filed their combined Answer, Affirmative Defenses and Cross-Claim. [ECF No. 6]. In their Cross-Claim against Defendant Gulf Stream, Defendant Roy's incorporates those allegations asserted by Plaintiffs against Defendant Gulf Stream to the extent Defendant Roy's may recover on the grounds of implied indemnification and/or contribution for any judgment or liability Defendant Roy's may owe to Plaintiffs. [ECF No. 6 at 17.] Defendant Roy's also expressly asserts a claim for contribution and implied indemnification for any claims and damages or judgments rendered against Roy's arising from the acts, omissions, or product design of Defendant Gulf Stream. [Id.]

Defendant Gulf Stream's Motion to Dismiss Cross Claim or, Alternatively, Motion to Transfer

In their Motion to Dismiss Cross Claim, or Alternatively, Motion to Transfer, filed on June 2, 2021, [ECF Nos. 10 and 11], Defendant Gulf Stream argues that Defendant Roy's is also subject to the forum selection clause as Defendant Roy's claims are foreseen by such a clause and closely related to Plaintiffs' claims. Defendant Gulf Stream argues Roy was "well-aware" of the forum selection clause, will not be deprived or unreasonably prejudiced by dismissal, and requested the crossclaim be dismissed pursuant to Rule 12(b)(6), urging that both the Complaint and the Crosslaim should have been filed in Indiana. [ECF No. 11 at 4]. Defendant Gulf Stream alternatively argues transfer to the Northern District of Indiana will ultimately be more convenient for the parties and for purposes of judicial economy. [Id. at 5].

Defendant Roy's Response to Defendant Gulf Stream's Motion to Dismiss

In Response, filed on June 21, 2021, Defendant Roy's elaborates it "does not object to the dismissal of the entire action, including dismissal of Defendant Roy's crossclaim[,]" and "takes no position on Gulf Stream's alternative motion to transfer the venue of the entire action, including

the crossclaim to the appropriate venue in Indiana." [ECF No. 15 at 1]. Defendant Roy's, however, argues against the dismissal or transfer of its crossclaim against Gulf Stream without the dismissal or transfer of the action in its entirety. [Id.]. Defendant Roy's argues that its crossclaim for contribution and implied indemnification is derivative of the claims set forth in Plaintiffs' Complaint, and the transfer of the cross claim only is prohibited under § 1404(a). [ECF No. 15 at 4 (citing Mylan Pharms. Inc. v. Am. Safety Razor Co., 265 F. Supp.2d 635, 639(N.D. W.Va. 2022)). Defendant Roy's accordingly requests this Court deny Defendant Gulf Stream's Motion to Dismiss Crossclaim "to the extent said motion seeks the dismissal, or transfer of something less than the entire case[.]" [ECF No. 15 at 5].

### III.    LEGAL ANALYSIS

Defendant Gulf Stream argues that the Complaint should be dismissed, or alternatively transferred, based upon a purportedly valid forum selection clause found within the limited warranty agreement. Defendant Gulf Stream likewise argues the cross claim should be dismissed, or alternatively transferred, based upon the forum selection clause at issue.

The undersigned will consider the following three issues seriatim: (1) the nature of the forum selection clause at issue and whether it is mandatory or permissive; (2) whether the forum selection clause is enforceable; (3) whether to dismiss or whether, in the interest of justice, to transfer this case to the Northern District of Indiana; and (4) whether cross claim brought by Defendant Roy's can likewise be dismissed or transferred. See Companion Specialty Ins. Co. v. Med James Inc., No. 3:15-CV-249-TLW, 2015 WL 13817419, at *10 (D.S.C. July 29, 2015)(court must determine if clause is mandatory or permissive; if mandatory, whether the claims fall within the scope of the clause; if they do, the clause presumptively applies to bar adjudication outside of the designated forum. Finally, court must decide whether plaintiff has rebutted presumption of

enforceability by proving enforcement would be unreasonable.); Garrett v. Gulf Stream Coach, Inc., No. CIV. A. 3:08CV792, 2009 WL 936297, at *3 (E.D. Va. Apr. 7, 2009)(handling an identical motion to dismiss); *but compare* Sucampo Pharms., Inc. v. Astellas Pharma, Inc., 471 F.3d 544 (4th Cir. 2006)(venue improper because forum selection valid) *with* Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas, 571 U.S. 49, 59 (2013)("Although a forum-selection clause does not render venue in a court "wrong" or "improper" within the meaning of § 1406(a) or Rule 12(b)(3), the clause may be enforced through a motion to transfer under § 1404(a)").

1. *Nature of the Forum Selection Clause*

Generally, federal courts treat a motion to dismiss based on a forum selection clause as a motion to dismiss for failure to state a claim, under 12(b)(6), or a motion to dismiss for improper venue under 12(b)(3). *See* Philo v. Armstrong Serv., Inc., No. ST-16-CV-685, 2017 WL 2294638, at *1 (V.I. Super. Ct. May 22, 2017); Sucampo Pharmaceuticals, Inc. v. Astellas Pharma, Inc., 471 F.3d 544, 550 (4th Cir. 2006). When analyzing a forum selection clause, a district court will apply federal law. Albemarle Corp. v. Astrazeneca UK Ltd., 628 F.3d 643, 650 (4th Cir. 2010).

Recent jurisprudence supports the presumptive enforcement of forum selection clauses. *See* BAE Sys. Tech. Sol. & Servs., Inc. v. Republic of Korea's Def. Acquisition Program Admin., 884 F.3d 463, 470 (4th Cir. 2018); Wilson Works, Inc. v. Matheson Tri-Gas, Inc., No. 1:12-CV-122, 2012 WL 12960829, at *1 (N.D.W. Va. Oct. 10, 2012)(Keeley, J.)("Under the federal standard, forum selection clauses are presumptively valid and should be enforced unless enforcement would be unreasonable.")(internal citations omitted); *see also* Johnson v. Ford Motor Co., No. CV 2:04-1311, 2006 WL 8460260, at *1–3 (S.D.W. Va. Jan. 17, 2006)(Faber, J.)(citing Carnival Cruise Lines, Inc. v. Shute, 499 U.S. 585, 593-94 (1991). The Fourth Circuit has provided the following guidance on forum selection clauses:

As a general matter, courts enforce forum selection clauses unless it would be unreasonable to do so. *See* M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 15 (1972). This presumption of enforceability, however, only applies if the forum selection clause is mandatory rather than permissive. *See* Albemarle Corp. v. AstraZeneca UK Ltd., 628 F.3d 643, 650–51 (4th Cir. 2010). A mandatory clause requires litigation to occur in a specified forum; a permissive clause permits litigation to occur in a specified forum but does not bar litigation elsewhere. Id. A permissive forum selection clause does not justify dismissal on the grounds that the plaintiff filed suit in a forum other than the one specified in the clause. *See*, *e.g.*, Weber v. PACT XPP Techs., AG, 811 F.3d 758, 768 (5th Cir. 2016).

BAE Sys. Tech. Sol. & Servs., Inc. v. Republic of Korea's Def. Acquisition Program Admin., 884 F.3d 463, 470 (4th Cir. 2018), *as amended* (Mar. 27, 2018). *See also* United Coals, Inc. v. Attijariwafa Bank, No. 1:19-CV-95, 2020 WL 1866426, at *8 (N.D.W. Va. Apr. 14, 2020) (Kleeh, J.); Gaus v. United States, No. 1:18-CV-160, 2020 WL 1249902, at *3 (N.D.W. Va. Mar. 16, 2020) (Kleeh, J.).

It is important to note "[u]nless a forum selection clause contains 'specific language of exclusion,' the Court should find it to be permissive and conferring jurisdiction in one forum, rather than excluding other jurisdiction." United Coals, No. 1:19-CV-95, 2020 WL 1866426, at *8 (N.D.W. Va. Apr. 14, 2020) (Kleeh, J.)(internal citations omitted). "Forum selection clauses should not be found to be mandatory unless they describe a particular forum as the 'sole' or 'only' or 'exclusive' forum. Id.

Here, the alleged clause at issue reads:

**Exclusive** jurisdiction for deciding any claims, demands or causes of action for defects or representations of any nature or damages due from such defects or representations **shall** be in the courts in the State of Manufacture. The laws applicable to any litigation, dispute, mediation, arbitration or any claim whatsoever arising from the sale, purchase or use of the recreational vehicle shall be those of the State of Manufacture unless otherwise contrary to a state statute. The State of Manufacture of the recreational vehicle is Indiana.

[ECF No. 2-1 at 4, Section 8 (emphasis added)].

As noted by the Plaintiffs in their Response, the purported forum selection clause at issue, (found within the limited warranty agreement, submitted to the Court as an exhibit) is *not* signed by the Plaintiffs. *See* Id. However, Plaintiff Brian D. Lantz signed a Recreational Vehicle Registration Form which states that the "retail purchaser[] acknowledges receipt of the recreational vehicle manufacturer's limited warranty . . . and agree[s] to comply with the terms therein." [ECF No. 2-2 at 1]. Further, an affidavit by Philip Sarvari, President of Gulf Stream Coach, Inc., was submitted by Defendant Gulf Stream alongside the Motion to Dismiss wherein Savari attested that Gulf Stream's records are authentic and reflect that in connection with Plaintiffs' purchase of the camper, Plaintiffs executed the recreational vehicle registration form and the limited warranty agreement to be read together reflecting the purchase of the camper. [ECF No. 2-3].

Plaintiffs argue, in Response, that the Limited Warranty, Recreational Vehicle Registration Form, and Affidavit are matters outside the pleading which may not be considered here. [ECF No. 9]. However, the undersigned finds this unpersuasive. The crux of the Plaintiffs' Complaint is the warranty coverage owed by Defendants Gulf Stream and Roy's to Plaintiffs. Plaintiffs allege "Defendants sold the Camper to Plaintiffs with express warranties in effect" and Defendants "violated the express warranties[.]" [ECF No. 1-1 at 15, ¶ 47-48].

As Plaintiffs astutely note, "[t]he Fourth Circuit has interpreted Rule 12(d) to find that 'a court reviewing a Fed. R. Civ. P. 12(b)(6) motion 'may … consider documents incorporated into the complaint by reference, as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic.'" [ECF No. 9 at 7, (quoting Lydick v. Erie Ins. Prop. & Cas. Co., 778 Fed. Appx. 271. 272 (4th Cir. 2019)(citations omitted).

The undersigned is inclined to agree with the Defendants that Plaintiffs "simply cannot have it both ways." [ECF No. 13 at 2]. Plaintiffs embraced the warranties, are suing based upon

alleged breaches of those warranties, and incorporate by reference in their Complaint, the effective express warranty and RV sale registration form. *See also* Companion Specialty Ins. Co. v. Med James Inc., No. 3:15-CV-249-TLW, 2015 WL 13817419, at \*11 (D.S.C. July 29, 2015) (assuming forum-selection clause valid and finding clause to govern despite Plaintiff's lack of signature on agency agreement). The undersigned finds these documents to be integral to this Complaint, even if it was Defendant Gulf Stream who ultimately supplied such documents as an attachment to their motion to dismiss alongside an affidavit attesting to authenticity. The undersigned can, accordingly, consider the documents without converting these 12(b)(6) motions to dismiss into motions for summary judgment.

Upon review, the referenced forum selection clause does use the "magic words," referenced in BAE and in other decisions from this Court, of "exclusive jurisdiction." *See* Gaus v. United States, No. 1:18-CV-160, 2020 WL 1249902, at \*4 (N.D.W. Va. Mar. 16, 2020) (Kleeh, J.). Plaintiffs clearly filed suit in a forum other than the one specified in the clause. Therefore, the undersigned **FINDS** the forum selection clause within the limited warranty agreement to be mandatory if it is otherwise reasonable and enforceable.

2. *Enforceability of Forum Selection Clause*

As stated above, courts should enforce forum selection clauses, unless the party opposing it can "clearly show that enforcement would be unreasonable or unjust[.]" M/S Bremen, 407 U.S. at 15. Forum selection clauses are unreasonable if: (1) their formation was induced by fraud or overreaching; (2) the complaining party 'will for all practical purposes be deprived of his day in court' because of the grave inconvenience or unfairness of the selected forum; (3) the fundamental unfairness of the chosen law may deprive the plaintiff of a remedy; or (4) their enforcement would contravene a strong public policy of the forum state. Wilson Works, Inc. v. Matheson Tri-Gas,

Inc., No. 1:12-CV-122, 2012 WL 12960829, at *2 (N.D.W. Va. Oct. 10, 2012)(citing Allen v. Lloyd's of London, 94 F.3d 923, 928 (4th Cir. 1996)). Plaintiffs bear the burden of proving why an otherwise mandatory forum selection clause should not be enforced." BAE, 884 F.3d at 471. See Atl. Marine, 571 U.S. at 67, 134 S.Ct. 568 ("As the party acting in violation of the forum-selection clause, [the plaintiff] must bear the burden of showing that public-interest factors overwhelmingly disfavor a transfer."). Again, "when the parties have agreed to a valid forum-selection clause, a district court should ordinarily transfer the case to the forum specified in that clause." Atl. Marine, 571 U.S. at 62 (2013).

Here, Plaintiffs argue that ambiguous contract provisions, especially those having qualities of a contract of adhesion, should be construed against drafter Gulf Stream, and further, that the fundamental unfairness of the chosen law of the forum selection clause may deprive the plaintiff of a remedy and that this constitutes "exceptional circumstances" that weigh against enforcing the forum-selection clause. [ECF No. 9 at 15]. Specifically, Plaintiffs argue that, if the forum-selection law is enforced, "Plaintiffs will be deprived of a remedy because Indiana's lemon law excludes motorhomes 'regardless of their complained of nonconformities'" whereas the state of West Virginia provides remedies under the West Virginia Consumer Credit and Protection Act's New Motor Vehicle Warranties provisions. [Id. (citing IND. CODE § 24-5-13-5 and W. VA. CODE §§ 46A-6A-1 to 46A-6A-9)]. Thus, Plaintiffs argue the forum selection clause is unreasonable and invalid under Ablemarle. [ECF No. 9 at 16]. Plaintiffs further argue this deprivation of a remedy would contravene a public policy of West Virginia, in providing a forum for its citizens to vindicate their rights under its laws.

Defendants respond that the R.V. at issue in this case is a "travel trailer" according to the purchase agreement and is not covered by the West Virginia Motor Vehicle Warranty Statute

because the R.V. "does not have an engine" and "is not self-propelled[.]" [ECF No. 13 at 7]. Thus, Defendants argue that Plaintiffs cannot have because they "cannot be deprived of a remedy they did not have in the first place." [Id. at 8]. Moreover, Defendant argue and note that the forum selection clause also contains a choice of law provision which consents to the application of Indiana law.

"In federal cases based on federal question jurisdiction but also containing supplemental state law claims, federal courts must apply the choice-of-law rules of the forum state in analyzing the state law claims." DeWitt v. Hutchins, 309 F. Supp. 2d 743, 751 (M.D.N.C. 2004). *Compare with* Klaxon v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496 (1941) (stating that where there is diversity jurisdiction, "when a choice-of-law issue arises, a district court must sit in the place of the state court and apply the forum state's choice-of-law rules.") *and* Corky Wells Elec., Inc. v. Pratt, No. 1:19-CV-158, 2019 WL 10056967, at *9 (N.D.W. Va. Dec. 5, 2019) (Kleeh, J.). Thus, this Court must apply West Virginia's choice of law rules and principles.

"Under West Virginia's choice of law principles, a choice of law provision in a contract 'will not be given effect when the chosen state has no substantial relationship to the parties or the transaction, or when the application of the law of the chosen state would be contrary to a fundamental public policy of the state whose law would apply in the absence of a choice of laws provision.' Corky Wells, at *9 (N.D.W. Va. Dec. 5, 2019) (Kleeh, J.) (quoting Gen. Elec. Co. v. Keyser, 275 S.E.2d 289, 293 (W. Va. 1981) (refusing to enforce choice of law provision where the only connection with the chosen state was that one of the parties was incorporated in that state)).

In the instant case, the chosen state of Indiana has a substantial relationship to the party and transaction as the allegedly defective RV was manufactured in Indiana, where Gulf Stream is incorporation and where Gulf Stream primarily conducts business. As Defendants have noted, the

enforcement of the choice of law provision and the forum selection provision would not be contrary to the fundamental public policy of the state of West Virginia or deprive Plaintiffs of a remedy where the RV warranties at issue would not be covered by the West Virginia Motor Vehicle Warranty Statute regardless. Plaintiffs have not been able to "clearly show" that enforcement of the forum selection clause would be unreasonable or unjust, and accordingly, the undersigned **FINDS** that the forum selection clause here should be interpreted as enforceable by this Court.

4. *Whether Transfer is Appropriate under 1404(a)*

The undersigned, having found that the forum selection clause is valid and mandatory, next must consider whether to recommend dismissal of the case or transfer of this action to the Northern District of Indiana as requested.

A central inquiry in deciding whether transfer may be appropriate rather than dismissal is in regard to the the effect on the plaintiff. *See* The Hipage Co. v. Access2Go, Inc., 589 F. Supp. 2d 602, 611 (E.D. Va. 2008). Dismissal for improper venue where venue would properly lie elsewhere "would serve no real purpose other than to add the additional expense of re-filing the case." Garrett v. Gulf Stream Coach, Inc., No. CIV. A. 3:08CV792, 2009 WL 936297, at *5 (E.D. Va. Apr. 7, 2009) (quoting Simpson v. Snyder's of Hanover, Inc., No. 1:05CV354, 2006 WL 1642227, at *7 (W.D.N.C. June 12, 2006)).

The Supreme Court has directed that when a defendant files a motion pursuant to § 1404(a), "a district court should transfer the case unless extraordinary circumstances unrelated to the convenience of the parties clearly disfavor a transfer." Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas, 571 U.S. 49, 52 (2013). Plaintiffs argues this matter should remain in this Court as not to disrupt the parties, in the interest of having a localized matter determined here in

14

West Virginia, and in order not to prejudice Defendant Roy's, a noncontracting party to the forum selection clause. Defendant Gulf Stream argues, in essence, that plaintiffs are unable to carry their burden to show that "this is one of the exceptional cases in which the parties' bargained-for forum-selection clause should not control." Creative Commc'ns, LLC v. Iberiabank, No. 5:14-CV-36, 2014 WL 2111208, at *2 (N.D.W. Va. May 7, 2014)(Bailey, J.).

Because of the valid forum selection clause in this case, the modified § 1404(a) analysis articulated in Atlantic Marine therefore applies. Id. The Court must consider only arguments related to public-interest factors for the purposes of transfer. Id. Those public factors may include "the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home with the law." Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas, 571 U.S. 49, 63, n. 6 (2013)

First, the level of docket congestion in the Northern District of West Virginia and the Northern District of Indiana do not present such a disparity as to weigh heavily for or against transfer.  [ECF No. 3 at 12].[2]

Second, the interest in having localized controversies decided at home weighs slightly against transfer, but not heavily so, because the controversies here are not "localized" wholly to Indiana or West Virginia. Defendant Roy's is located in the town of Harman in Randolph County, West Virginia. [ECF No. 1-1 at 9]. This is seemingly also where the lot is where the RV was stored while Defendant Roy had the RV in their custody. [ECF No. 1-1 at 11-12]. Likewise, Plaintiffs

---

[2]  According to the United States District Courts — National Judicial Caseload Profiles, https://www.uscourts.gov/sites/default/files/data_tables/fcms_na_distprofile1231.2020.pdf, (last visited Feb. 14, 2022), as of December 2020, the Northern District of Indiana had five judgeships with six hundred and five (605) pending cases per judgeship whereas the Northern District of West Virginia had three judgeships with four hundred and forty-eight (448) pending cases per judgeship.

reside in the city of Fairmont, West Virginia and presumably Plaintiffs stored the RV at this property or nearby while it was in their custody. [ECF No. 1-1 at 8]. Meanwhile, the RV was manufactured in Indiana, and Gulf Stream is an Indiana corporation with a principal office located in Nappanee, Indiana. If defectively manufactured or has any nonconformities with quality as alleged, this presumably occurred in Indiana at the Gulf Stream facilities.

Third, the interest in having the trial in a forum most familiar with the law weighs strongly in favor of transferring this matter to Indiana. As previously mentioned, the forum selection clause at issue in this case also contains choice of law provisions stating that Indiana law shall apply. Additionally, while this Court is fully capable of applying Indiana state law to matters before it, the undersigned would agree with Defendants that a district court sitting in Indiana will be most familiar with applying and interpreting Indiana law that may apply to any supplemental claims. [ECF No. 3 at 12].

Taken together, the factors weight in favor of transfer to the Northern District of Indiana where the merits of the case may be decided in the forum selected by the parties in the at-issue warranty agreement. Accordingly, the undersigned recommends Defendant Gulf Stream Coach Inc.'s Motion be granted in part to the extent that this case be transferred to the Northern District of Indiana.

5. *Motion to Dismiss or, Alternatively, Transfer Cross Claim*

Section 1404(a) only authorizes the transfer of an entire action, not individual claims. Technosteel, LLC v. Beers Const. Co., 271 F.3d 151, 157 (4th Cir.2001) ("courts have adhered to the general rule that § 1404 transfer 'contemplates a plenary transfer of the entire case'"); *see also* Chrysler Credit Corp. v. Country Chrysler, Inc., 928 F.2d 1509, 1518 (10th Cir.1991) (same) (citing Wyndham Assoc. v. Bintliff, 398 F.2d 614, 618 (2d Cir.1968); 15 Moore's Fed. Prac. & Proc., § 3846 at 363).

In Mylan Pharms. Inc. v. Am. Safety Razor Co., this Court considered a motion to transfer only a single cross claim to the Southern District of New York while the complaint and other cross claims were to remain before this Court. Mylan, 265 F. Supp. 2d 635, 639 (N.D.W. Va. 2002) (Keeley, J.). This created "an issue of judicial inefficiency[.]" Id. The Court contrasted Mylan from other cases where dismissal and/or transfer was appropriate pursuant to a forum selection clause and where the movant addressed both the cross claim against it and the amended Complaint. Id. (distinguishing TMC Co., Ltd. v. M/V Mosel Bridge, 2002 WL 1880722, at *1–2 (S.D.N.Y. Aug.15, 2002); and U.S. Fid. & Guar. Co. v. Petroleo Brasileiro, 2001 WL 300735, at *16 (S.D.N.Y. Mar.27, 2001)). *See also* Laferte v. myFootpath, LLC, 2014 U.S. Dist. LEXIS 194315, *8–10, 2014 WL 12591801 (C.D. Cal. July 18, 2014)(dismissal or transfer of crossclaim alone would be unreasonable because it would create duplicitous litigation).

A key question in this case is whether the language of the forum selection clause is broad enough to encompass not just the breach of warranty claim, but the related claims brought by Defendant Roy's as well. *See* Invictus Aerospace Grp., LLC v. Point Blank Enterprises, Inc., No. CV ELH-19-2983, 2020 WL 2085464, at *13 (D. Md. Apr. 30, 2020) *See also* Varsity Gold, 2008 WL 5243517 at *3 (stating that "courts in this circuit have consistently found facially contractual forum selection clauses to apply to related tort claims."); Belfiore v. Summit Federal Credit Union, 452 F.Supp.2d 629, 632 D. Md. 2006 (finding a forum selection clause to encompass related tort claims); In re Eternity Shipping, Ltd., Eurocarriers, S.A. for Exoneration from or Limitation of Liability, 444 F. Supp. 2d 347, 384 (D. Md. 2006) (finding a forum selection clause in a seaman's employment contract to encompass plaintiff's tort claims related to the seaman's death); Berry v. Soul Circus, Inc., 189 F.Supp.2d 290, 294 (D. Md. 2002) (finding a forum selection clause in a

performer's employment contract to encompass plaintiff's tort claims, including a claim for unjust

enrichment).

While the Fourth Circuit has not squarely addressed this situation, the Third Circuit and

Fifth Circuit "have determined that, 'in situations where some but not all parties have entered into

a forum-selection clause, a court must determine whether transfer is warranted by assessing'" four

factors:

> (1) that in "all but the most unusual cases" claims bound by the forum-selection
> clause should be litigated in the chosen forum; (2) the private and public interests
> of parties not bound by the forum-selection clause; (3) practical threshold issues of
> jurisdiction and severance; and (4) judicial efficiency and "any other public
> interests that weigh against enforcing a forum-selection clause."

Waterman v. Thor Motor Coach, Inc., 2020 WL 1290595 at * 4 (E.D. Va. March 18, 2020) (citing

In re: Howmedica Osteonics Corp., 867 F.3d 390 (3d. Cir. 2017) and In re: Rolls Royce Corp.,

775 F.3d 671 (5th Cir. 2014), cert. denied, 128 S.Ct. 1288 (2018)).

Moreover, the Court notes that Defendant Roy's was the independent authorized dealer for

the sale, registration, and warranty of the recreational vehicle manufactured by Defendant Gulf

Stream and sold to Plaintiffs. Other federal courts have held that "a forum selection clause may

bind non-parties to a contract if the relationship between the non-party and the signatory [is]

sufficiently close," and enforcement is "foreseeable by virtue of the relationship between the

signatory and the party sought to be bound." In re Optimal U.S. Litig., 813 F. Supp. 2d 351, 369

(S.D.N.Y. 2011) (internal quotation marks omitted); see also Magi XXI, Inc. v. Stato Della Citta

del Vaticano, 714 F.3d 714, 722-23 (2d Cir. 2013) ("[A] non-signatory to a contract containing a

forum selection clause may enforce the forum selection clause against a signatory when the non-

signatory is "closely related" to another signatory .... [T]he relationship between the non-signatory

and that (latter) signatory must be sufficiently close that the non-signatory's enforcement of the

forum selection clause is 'foreseeable' to the signatory against whom the non-signatory wishes to enforce the forum selection clause."). The non-signatory need not be a third-party beneficiary to be bound by the contract. *See* In re Optimal U.S. Litig., 813 F. Supp. 2d at 369; *see also* Hugel v. Corp. of Lloyd's, 999 F.2d 206, 209 n.7 (7th Cir. 1993); Lipcon v. Underwriters at Lloyd's, London, 148 F.3d 1285, 1299 (11th Cir. 1998); directPacket Rsch., Inc. v. Polycom, Inc., No. 2:18CV331, 2019 WL 8065832, at *2 (E.D. Va. July 3, 2019); Companion Specialty Ins. Co. v. Med James Inc., No. 3:15-CV-249-TLW, 2015 WL 13817419, at *11 (D.S.C. July 29, 2015).

Based on the close relationship between Defendant Gulf Stream and Defendant Roy's, it was, or should have been, foreseeable to Defendant Roy's that Defendant Gulf Stream would seek to enforce the forum-selection clause in its warranty contracts with Defendant Roy's camper customers. Therefore, the undersigned is of the opinion that the forum selection clause may be fairly enforced by Defendant Gulf Stream against Defendant Roy's. Also, here, as above, Defendant Roy's has not put forth a reason why this case should not be transferred in its entirety. For the purposes of judicial economy and as required by §1404(a), the undersigned recommends that this matter should be transferred in its entirety, including both the Complaint and the Cross Claim.

### IV.    CONCLUSION

For the reasons stated herein, the undersigned **RECOMMENDS** that:

- Defendant Gulf Stream's Motion to Dismiss Complaint, or Alternatively, Motion to Transfer Venue, [ECF No. 2], be **GRANTED IN PART** to the extent that this case be **TRANSFERRED** to the Northern District of Indiana and **DENIED IN PART** to the extent it seeks to have this case dismissed for failing to comply with the forum-selection clause; and

- Defendant Gulf Stream's Motion to Dismiss Cross Claim, or Alternatively, Motion to Transfer Venue, [ECF No. 10], be **GRANTED IN PART** to the extent that this case be **TRANSFERRED** to the Northern District of Indiana and **DENIED IN PART** to the extent it seeks to have this crossclaim dismissed for failing to comply with the forum-selection clause.

Any party shall have **fourteen (14) days** from the date of filing this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed **ten (10) typewritten pages or twenty (20) handwritten pages**, **including exhibits**, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk of the Court is directed to send a copy of this Report and Recommendation to all counsel of record and to the *pro se* Plaintiffs by certified mail, return receipt requested.

Respectfully submitted on February 15, 2022.

MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE