IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


BRIAN D. LANTZ and MICHELE D. LANTZ,
        Plaintiffs,

        v.                                CIVIL ACTION NO. 2:21CV11
                                                    (KLEEH)


ROY'S R.V. SUPERCENTER LLC and
GULF STREAM COACH, INC.
        Defendants,

and

ROY'S R.V. SUPERCENTER LLC,
        Cross-Claimant,

v.

GULF STREAM COACH, INC.,
        Cross-Defendant.

**MEMORANDUM OPINION AND ORDER OVERRULING OBJECTIONS [ECF NO. 30],
ADOPTING REPORT AND RECOMMENDATION [ECF NO. 29], AND
TRANSFERRING CASE TO THE NORTHERN DISTRICT OF INDIANA**

On April 7, 2021, Brian and Michele Lantz ("the Lantzes") commenced this action in the Circuit Court of Randolph County, West Virginia [ECF No. 1-1]. They seek damages related to an allegedly defective recreational vehicle sold to them by Roy's R.V. Supercenter LLC ("Roy's R.V.") and manufactured by Gulf Stream Coach, Inc. ("Gulf Stream"). Id.

Gulf Stream removed the case to this Court on May 13, 2021 [ECF No. 1].[1] The same day, it filed a motion to dismiss the Lantzes' complaint or, alternatively, to transfer this action to

---

[1] Roy's R.V. consented to this removal [ECF No. 4].

LANTZ V. ROY'S R.V. SUPERCENTER LLC ET AL.                    2:21CV11

**MEMORANDUM OPINION AND ORDER OVERRULING OBJECTIONS [ECF NO. 30],
ADOPTING REPORT AND RECOMMENDATION [ECF NO. 29], AND
TRANSFERRING CASE TO THE NORTHERN DISTRICT OF INDIANA**

the Northern District of Indiana based on the forum selection clause in the parties' contract [ECF No. 2]. After Roy's R.V. filed a crossclaim against Gulf Stream for indemnification or contribution [ECF No. 6], Gulf Stream filed a motion to dismiss or transfer the crossclaim as well [ECF No. 10]. Pursuant to 28 U.S.C. § 636 and the local rules, the Court referred Gulf Stream's motions to United States Magistrate Judge Michael J. Aloi for a Report and Recommendation ("R&R") [ECF No. 26].

In an R&R entered on February 15, 2022, he recommended that the Court grant in part the motions and transfer this action to the Northern District of Indiana [ECF No. 29]. Magistrate Judge Aloi also informed the parties of their right to file "specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection." Id. at 20. Further, he warned them that failure to file specific objections would constitute a waiver of de novo review by the Court. Id.

When reviewing a magistrate judge's R&R, the Court must review de novo only the portions to which an objection has been timely made. 28 U.S.C. § 636(b)(1)(C). An objection must be specific and particularized to warrant such review. See United States v. Midgette, 478 F.3d 616, 621-22 (4th Cir. 2007). Otherwise, the Court will uphold portions of a recommendation to which a general

2

LANTZ V. ROY'S R.V. SUPERCENTER LLC ET AL.                    2:21CV11

**MEMORANDUM OPINION AND ORDER OVERRULING OBJECTIONS [ECF NO. 30],
ADOPTING REPORT AND RECOMMENDATION [ECF NO. 29], AND
TRANSFERRING CASE TO THE NORTHERN DISTRICT OF INDIANA**

objection or no objection has been made unless they are clearly erroneous. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Midgette, 478 F.3d at 622.

Gulf Stream objected to the R&R on February 22, 2022, "to the extent that it does not recommend that this matter be dismissed" [ECF No. 30]. But the vagueness of this objection relieves the Court of its obligation to conduct a de novo review. Midgette, 478 F.3d at 622. Gulf Stream does not direct the Court to any specific error in Magistrate Judge Aloi's proposed findings or recommendations. Instead, it merely it "realleges and incorporates by reference its exhibits, evidence, authorities, and arguments" contained in its motions to dismiss or transfer [ECF No. 30 at 1]. This passing reference to its previously filed briefs and arguments does not merit de novo review.

Therefore, the Court has reviewed Magistrate Judge Aloi's R&R for clear error. Diamond, 416 F.3d at 315. Finding none, it **OVERRULES** Gulf Stream's objection [ECF No. 30] and **ADOPTS** the R&R in its entirety [ECF No. 29]. Pursuant to 28 U.S.C. § 1404(a), the Court **TRANSFERS** this case to the Northern District of Indiana for all further proceedings.

It is so **ORDERED**.

**LANTZ V. ROY'S R.V. SUPERCENTER LLC ET AL.**              **2:21CV11**

**MEMORANDUM OPINION AND ORDER OVERRULING OBJECTIONS [ECF NO. 30],**
**ADOPTING REPORT AND RECOMMENDATION [ECF NO. 29], AND**
**TRANSFERRING CASE TO THE NORTHERN DISTRICT OF INDIANA**

The Clerk is directed to transmit copies of this Order to

counsel of record via electronic means.

DATED: December 5, 2022


                              /s/ Thomas S. Kleeh
                              THOMAS S. KLEEH, CHIEF JUDGE
                              NORTHERN DISTRICT OF WEST VIRGINIA